**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | § | |
| **COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **U.S. STEEL TUBULAR PRODUCTS, INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**
**OF THE**
**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation, and to provide appropriate relief to Stephen Fasuyi who was adversely affected by such practices.  As alleged with greater particularity in paragraphs 9 - 23, below, U.S. Steel Tubular Services, Inc. ("U.S. Steel"), discriminated against Fasuyi because of his religion, Hebrew Israelite, and unlawfully retaliated against him for his requesting an accommodation for his religious practices.

1

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this court.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant U.S. Steel Tubular Services, Inc. ("U.S. Steel"), has continuously been a Delaware corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees.  Defendant can be served with process by serving its registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6.   More than thirty days prior to the institution of this lawsuit, Stephen Fasuyi filed a charge with the Commission alleging violations of Title VII by Defendant U.S. Steel Tubular Services, Inc.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least December 30, 2011, Defendant U.S. Steel Tubular Services, Inc. has engaged in unlawful employment practices at its Tubular Threading and Inspection Services Division in Houston, Texas, in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. § 2000e-2(a) and 2000e-3(a).

8.   Defendant has more than 500 employees.

9.   On November 29, 2011, Stephen Fasuyi applied on-line for a position as a Utility Technician at one of U.S. Steel's plants.  U.S. Steel invited him for an interview on Friday, December 30, 2011, at 10:30 AM.  After the interview, U.S. Steel extended to Fasuyi an oral offer of employment.

10.   The employment offer was conditioned on Fasuyi's successful completion of pre-employment screening, including a drug test.  Later on the day of the interview and the job offer, Fasuyi went to NOVA, a medical facility, where he was to complete his pre-employment examination.

11.   A nurse told Fasuyi that he would be required to undergo a hair follicle drug test, and that the hair could come from his head or beard.  Fasuyi offered to -- and did -- pull hair from his beard, but was informed it would not be enough.  He then offered to cut a lock of his hair starting in the middle, but the nurse insisted on cutting the lock of hair starting at the scalp, and Fasuyi demurred.  He explained to the nurses that his faith was not in agreement with locks of his hair

being cut from his scalp.  At this point, the nurses ended the examination, and Fasuyi was instructed to go home.

12. In an email dated Saturday, December 31, 2011, Fasuyi informed Hernando Aviles -- an Employee Services Supervisor at U.S. Steel -- about his experiences at NOVA, and reiterated his willingness to undergo the hair follicle test, as long as he could be permitted to complete it without cutting hair from his scalp, due to his religious beliefs.  Fasuyi followed up by speaking with Aviles on Tuesday, January 3, 2012, regarding the matter.

13.  Despite the evidence that Fasuyi communicated to U.S. Steel and the clinic personnel his religious objection to hair being cut from his scalp, U.S. Steel falsely asserted to EEOC during EEOC's administrative investigation that Fasuyi "did not mention any objection to collecting hair from his scalp for religious reasons [….] [U.S. Steel] was unaware of [Fasuyi]'s alleged religious beliefs regarding his scalp hair until the receipt of this Charge."

14. Aviles told Fasuyi to contact Alma Higuera, a 3rd party staffing consultant (with Kenexa) employed by U.S. Steel who was Fasuyi's recruitment contact.  Fasuyi complied, sending Higuera an e-mail that same day.  Fasuyi forwarded Higuera his earlier e-mail to Aviles, and briefly explained again about his willingness to complete the test as long as he could avoid cutting a lock from his scalp, as he is bound by his faith (Hebrew Israelite) not to do.

15. U.S. Steel has conceded to the Commission that for the hair follicle drug testing, "samples obtained from the subject's scalp (down to the scalp) are preferred, but if hair is not available from that source, then samples may be taken from the subject's beard, underarm or chest if sufficient quantity and length of the hair is available."

16.  Fasuyi on January 4, 2012, re-applied for a position as a Utility Technician, in case the incomplete medical examination had derailed the employment process.

4

17. On January 13, 2012, Fasuyi e-mailed Higuera, asking for an update on his application, and affirming his interest in employment with U.S. Steel.

18. On January 18, 2012, Fasuyi asked Higuera via e-mail about returning for testing, and mentioned needing some paperwork from U.S. Steel.  Higuera replied and directed Fasuyi to the person who could provide him with the paperwork.

19. On the morning of January 19, 2012, Fasuyi returned to NOVA for testing. However, when he arrived, he was told he would need to contact Higuera.  She replied by e-mail that his offer had been rescinded "based on [his] previous behavior" and that he should go home.

20. In two e-mails sent by Aviles -- dated January 19, 2012, and January 20, 2012 -- Aviles made it clear that U.S. Steel was banning Fasuyi from consideration for any future employment.  In response to a January 19, 2012, e-mail with the subject line "Contingent Offer – Re-Test for […] Stephen Fasuyi," Aviles directed "As discussed, Stephen Fayusi is not been [sic] considered for employment with the company.  Everyone please make note of this."

21. In an e-mail dated January 20, Aviles stated as follows:  "Happy Friday!  Just wanted to make a correction.  Stephen Fasuyi was not a 'not enough hair' situation.  He has more hair than Salomon [….] He went to NOVA, created a negative scene while there and left without conducting the test [….] He apparently was scheduled for a retest yesterday based on the assumption that he did not have enough hair the first time around […] I got on the phone with NOVA and informed them to stop the examination."

22. Fasuyi was scheduled for an interview on January 25, 2012, for a different Utility Technician opening.  That interview did not take place, apparently as a result of Aviles's edict.

23. Fasuyi subsequently applied for at least two other Utility Technician openings with U.S. Steel around February 27, 2012.  Fasuyi was not granted an interview for these positions.

24. The effect of the practices complained of in paragraphs 9-23 above has been to deprive Stephen Fasuyi of equal employment opportunities and otherwise adversely affect his status as an applicant for employment and as an employee because of his religion.

25. The effect of the practices complained of in paragraphs 9-23 above has been to deprive Stephen Fasuyi of equal employment opportunities and otherwise adversely affect his status as an applicant for employment and as an employee because of unlawful retaliation.

26. The unlawful employment practices complained of in paragraphs 9-23 above were [and are] intentional.

27. The unlawful employment practices complained of in paragraphs 13-23 above were [and are] done with malice or with reckless indifference to the federally protected rights of Stephen Fasuyi.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against applicants or employees because of their religion, by failing to accommodate their religious beliefs and practices in U.S. Steel's pre-employment examinations and screenings.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful retaliation against applicants or employees who request that their religious beliefs or practices be accommodated.

C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for religious adherents such as Hebrew Israelites, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and do not unlawfully retaliate against religious adherents such as Hebrew Israelites who request accommodation of their religious beliefs and practices, and which eradicate the effects of its past and present unlawful employment practices.

E.      Order Defendant to make whole Stephen Fasuyi, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Stephen Fasuyi, or, in the alternative, front pay.

F.      Order Defendant to make whole Stephen Fasuyi, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-23 above, including job search expenses, in amounts to be determined at trial.

G.      Order Defendant to make whole Stephen Fasuyi by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9-23 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.      Order Defendant to pay Stephen Fasuyi punitive damages for its malicious and reckless conduct described in paragraphs 13-23 above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

7

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


__/s/_Timothy_M._Bowne_____
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002
(713) 651-4914
(713) 651-7995 [facsimile]
timothy.bowne@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002