United States District Court
Southern District of Texas
**ENTERED**
April 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. STEEL TUBULAR PRODUCTS, INC. <br><br> Defendant. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:14-cv-2747 <br><br><br> **JURY TRIAL** |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant U.S. Steel Tubular Products, Inc., with regard to the allegations in EEOC's Amended Complaint, filed in the above-entitled Civil Action No. 4:14-cv-2747, in the United States District Court for the Southern District of Texas. The Complaint was based upon a Charge of Discrimination (Charge No. 461-2012-02611) filed by Stephen Fasuyi.

The Amended Complaint filed by the EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by discriminating against Mr. Fasuyi on the basis of religion. Defendant denies the claims.

The Parties agree to compromise and settle the differences embodied in the Charge and Amended Complaint filed by the EEOC, and intend that all the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the

Court ORDERS that:

This Decree resolves all issues raised in the EEOC Charge referenced above and the EEOC's related Letter of Determination ("Determination"), and it resolves all issues in the Amended Complaint filed by the EEOC in this civil action. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge, Determination and Complaint. This Decree in no way affects the EEOC's right to process and/or litigate charges against Defendant other than the above-referenced Charge and the Determination, and the EEOC makes no waiver of such right.

1. The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been met.

2. The Parties agree that the term of this Decree shall be two (2) years, which will commence on the date this Decree is entered by this Court.

3. Defendant shall not engage in any employment practice which violates Title VII by unlawfully discriminating against any individual on the basis of religion.

4. Defendant agrees to pay Charging Party the total sum of $150,000.00 ("Settlement Amount") in full and final settlement of all claims which were or could have been raised in this case inclusive of costs and attorneys' fees. As a precondition to receiving payment, Charging Party shall sign a release in the form of Exhibit "A."

5. The Parties and Charging Party agree that the Settlement Amount is intended to compensate Charging Party for back pay, and thus, the Settlement Amount will be subject to applicable withholding for federal payroll and income taxes; the net sum paid to Charging Party will be $150,000.00, minus applicable withholding.

6. The Settlement Amount shall be paid according to the terms of this Decree no later than fifteen (15) business days following entry of this Consent Decree by the Court.

7. Defendant shall send its payment checks directly to Mr. Fasuyi -- at an address which the Commission will supply to Defendant -- within fifteen (15) business days from the date of entry of this Decree. Defendant shall mail the settlement check via certified mail, return receipt requested. Defendant shall also mail a copy of the payment check to the Commission at the following address: Equal Employment Opportunity commission, attn.: Timothy M. Bowne, 1919 Smith Street, 7th Floor, Houston, Texas 77002.

8. Defendant shall issue to Mr. Fasuyi an individual Internal Revenue Service ("IRS") Form W-2.

9. This Decree shall remain in effect for twenty-four (24) months from the date of entry. During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. Upon belief that a material breach of this Consent Decree has occurred, the EEOC will not seek compliance with the Consent Decree through civil action in the United States District Court without first giving Defendant notice, a period of thirty (30) days from that notice within which to investigate the alleged breach, and an opportunity to engage in conciliation of the alleged breach with the EEOC.

10. Each party to this action shall bear its own costs and attorney's fees.

Signed this 6th day of April, 2017.

Melinda Harmon
United States District Judge

## Exhibit "A"

## Release

In consideration for $150,000.00 to be paid to me by U.S. Steel Tubular Products, Inc., in connection with the resolution of <u>EEOC v. U.S. Steel Tubular Products, Inc.</u>, Civil Action No. 4:14-cv-2747, in the United States District Court for the Southern District of Texas, I waive my right to recover for, and fully and finally release, any claims of discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, that I had against U.S. Steel Tubular Products, Inc. in that lawsuit prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in <u>EEOC v. U.S. Steel Tubular Products, Inc.</u>, Civil Action No. 4:14-cv-2747. I also warrant and represent that I have not assigned any interest in my claims to anyone, including any attorney.

Date:_____

Signature:_____